UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRAINI DAVINSON FELIZ** | **DOCKET NO. 2:24-cv-0701** |
| **REG. # 21207-104** | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Braini Davinson Feliz on May 23, 2024. Doc. 1. Feliz is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Braini Davinson Feliz was sentenced on September 13, 2021. Doc. 1, p. 6. The BOP "only started to count his TCs [time credits] since 04/20/2022, date when he arrived at Oakdale FCI II." *Id*. at p. 7. He filed the instant petition asking this Court to direct the BOP to "apply time credits (TCs) under the First Step Act (FSA) since 9/13/21, date when he was sentenced." *Id*.

Petitioner exhausted his administrative remedies through the filing of a BP-11, which was denied on April 16, 2024. Doc. 1, att. 2, p. 7. The BP-11 response summarized petitioner's argument:

> Specifically, you contend you were not credited with earning FTC for time spent in Federal custody prior to arriving at your initial designated facility. You further state that your FTC should begin to accrue at the time you are sentenced.

*Id*.

After reviewing the documentation relevant to petitioner's appeal, and based on the information gathered, the Central Office determined that as petitioner did not receive a complete individualized risk and needs assessment until on or after April 20, 2022, prior to that date he was not eligible to earn FSA time credits. *Id*. As such, his appeal and request to begin earning time credits on September 13, 2021, the date of sentencing, was denied.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992). A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Feliz provides proof of his exhaustion through the BP-11 response. *See* 28 C.F.R. § 542.15(a) (designating the BP-11 as the final stage of the BOP's administrative remedy procedure). However, the decision on that request, and the claim as provided by Feliz, show that there is no error to the BOP's decision and no basis for relief under § 2241.

The FSA allows prisoners convicted of a non-disqualifying offense to earn time credits toward pre-release custody or early transfer to supervised release based on their "successful participation" in evidence-based recidivism reduction ("EBRR") programs and productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A), (d)(4)(D). Prisoners may not, however, earn time credits for programs completed before the enactment of the FSA or before their "sentence commences under section 3585(a)." *Id*. § 3632(d)(4)(B). Section 3585(a) specifies that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Id. § 3585(a). In Feliz's case, his sentence commenced on September 13, 2021, when he was remanded to the custody of the U.S. Marshals Service. Thus, as of that date, he was eligible to earn FSA time credits.

However, even though Petitioner was statutorily eligible to earn time credits as of September 13, 2021, there is no evidence in the record that he "successfully participated" in any EBRR programs or PAs before he arrived at FCIO on April 20, 2022. See 28 C.F.R. § 523.41(c)(1) (noting that eligible inmates must be "successfully participating" in applicable programs "to earn FSA Time Credits for those" programs). "'Successful participation' requires a determination by [BOP] staff that an eligible inmate has participated in the EBRR programs or PAs that the [BOP] has recommended based on the inmate's individualized risk and needs assessment and has complied with the requirements of each particular EBRR [p]rogram or PA." *Id*. § 523.41(c)(2).

Because Petitioner did not undergo a risk and needs assessment until he arrived at his designated BOP facility, it follows that he could not have "successfully participated" in any recommended programming before that time. *See, e.g., Poff v. Carr*, No. 4:21-CV-900-P, 2022 U.S. Dist. LEXIS 105724, 2022 WL 2133871, at *5-6 (N.D. Tex. June 14, 2022) (unpublished) ("[A]ny program or activity that [petitioner] seeks FSA time credits for must be approved by the BOP and be assigned to her based on her specific criminogenic needs"); *Hare v. Ortiz,* Civ. No. 20-14093 (RMB), 2021 U.S. Dist. LEXIS 21270, 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021) (unpublished) ("Time [c]redits are earned only when an inmate successfully completes one of the BOP-approved EBRR programs or PAs related to one of the particular needs assigned to that inmate."); *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 U.S. Dist. LEXIS 93640, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (unpublished)  ("[A] prisoner may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk.").

Therefore, Petitioner is not entitled to the FSA time credits that he seeks.

### III.
#### CONCLUSION

Braini Davinson Feliz fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 30th day of October, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE